IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

GINA DAVIS,

Plaintiff,

v.

ROGUE CREDIT UNION,

Defendant.

Case No. 1:24-cv-02147-CL

**OPINION AND ORDER**

**CLARKE**, Magistrate Judge.

Plaintiff Gina Davis, a self-represented litigant, ("Plaintiff"), seeks to proceed *in forma pauperis* ("IFP") in this action. In her initial Complaint (#1), Plaintiff brings claims against the Defendant arising out of the repossession of her vehicle, which was the security interest for the debt on the vehicle, as well as the alleged failure to return the vehicle to Plaintiff's possession once the debt was satisfied. For the reasons below, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to file a First Amended Complaint within thirty (30) days, if Plaintiff can state a proper federal claim for which this Court can award relief. Plaintiff's IFP application (#2) will be held in abeyance and considered if an amended complaint is filed.

## DISCUSSION

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(l), provides indigent litigants an opportunity for meaningful access to the federal courts

despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(l). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

Here, the Court's dismissal arises in the second prong. As to the first prong, the litigant is financially eligible to proceed IFP. However, as to the second, the Complaint fails to state a claim upon which relief may be granted.

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Both require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To strike the correct balance, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Similarly, legally conclusory statements, not supported by actual factual allegations, need not be accepted. *See Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949–50.

Pleadings by self-represented litigants are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). Courts are to construe pleadings by self-represented plaintiffs liberally and afford them the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citation omitted). Unless the complaint's deficiencies cannot be cured by amendment, a self-represented litigant is entitled to notice of the deficiencies and an opportunity to amend the complaint. *Id.*

In this case, Plaintiff alleges that Defendant wrongfully repossessed her 2018 Ford F-150, and that Plaintiff provided Defendant "with a 1099-A form, UCC-1 lien, and promissory note as satisfaction for the outstanding debt on the 2018 Ford F-150." Plaintiff claims that "Defendant accepted these documents and… the debt was discharged upon Defendant's receipt of the promissory note." However, this allegation is conclusory, and it is contradicted by the exhibits submitted by the Plaintiff.

Generally, the scope of review on a motion to dismiss for failure to state a claim is limited to the contents of the complaint. *See Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 n. 5 (9th Cir.2003). A court may consider evidence on which the complaint "necessarily relies" if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion. *See id.*; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 n. 3 (2d Cir.2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir.2003).

A document attached to the Complaint, offered to support Plaintiff's central allegations, meets the criteria above. Therefore, the Court can evaluate the Promissory Note, which Plaintiff

submitted as an attachment to the Complaint. (#1-1). According to this document, no person or entity or representative signed the Promissory Note, except Plaintiff herself. Under ORS 73.0401 and UCC 3-401:

> (1) A person is not liable on an instrument unless:
> (a) The person signed the instrument; or
> (b) The person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under ORS 73.0402.

Therefore, Defendant cannot be "liable" under the terms of the Promissory Note, because Defendant never signed or accepted it. Plaintiff submits several other records, but none of them include a record of Defendant accepting the note or discharging the debt. Plaintiff submits "accepted" IRS forms, including a 1099-A for acquisition or abandonment of property, and a 1099-C for cancellation of debt, but in both instances, Plaintiff filled out the form as the creditor and indicated that Rogue Credit Union is the debtor. It is unclear how these forms support Plaintiff's allegations.

Plaintiff has not provided any other factual allegations to support the conclusory statement that Defendant accepted the promissory note as satisfaction of the debt. She has not alleged even a conversation with a representative or agent of the Defendant, or any other circumstances to indicate acceptance or discharge. All of Plaintiff's claims are dependent upon this scenario, and therefore all of the claims fail unless Plaintiff can state factual allegations that support her claim. For this reason, Plaintiff has failed to state a claim for relief. Self-represented plaintiffs are entitled to notice of any deficiencies and an opportunity to replead their claims. Therefore, in an abundance of caution, Plaintiff's Complaint (#1) is dismissed without prejudice and with leave to refile a First Amended Complaint within thirty (30) days, which properly

alleges factual allegations showing Defendant accepted Plaintiff's promissory note or otherwise discharged her debt without returning her vehicle.

**ORDER**

Plaintiff's Complaint (#1) is DISMISSED without prejudice and with leave to file a First Amended Complaint within 30 days of the date of this Order. The Application for Leave to Proceed IFP (#2) shall be held in abeyance. If no amended complaint is filed, and no request for an extension is made in writing, the case and all pending motions shall be terminated.

It is so ORDERED and DATED this 30 day of December, 2024.

MARK D. CLARKE
United States Magistrate Judge